ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| WILSON TORRES ESTELA<br><br>Peticionario<br><br>v.<br><br>CENTRO DE SALUD FAMILIAR DR. JULIO PALMIERI FERRI, INC.<br><br>Recurrido | TA2025CE00838 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: AY2024CV00086<br><br>Sala: 302<br><br>Sobre:  Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de enero de 2026.

Compareció el Sr. Wilson Torres Estela (en adelante, "señor Torres Estela" o "peticionario") mediante recurso de Certiorari presentado el 1 de diciembre de 2025. Nos solicitó la revisión de la *Orden* emitida y notificada el 10 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, "foro primario"). En ese dictamen, el foro primario declaró *No Ha Lugar* una solicitud de enmienda a la demanda de epígrafe, presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

El señor Torres Estela presentó el 9 de diciembre de 2024 una *Demanda* por daños y perjuicios en contra del Centro de Salud Familiar Dr. Julio Palmieri Ferri, Inc. (en adelante, "Centro de

Salud" o "recurrido").[1] En esencia, alegó que para el año 2018 había firmado un contrato como empleado del Centro de Salud y que el 30 de enero de 2023 presentó su renuncia ante dicha institución. Sostuvo, que todavía para el 2 de agosto de 2024, aparecía en la lista de médicos que atendía el Centro de Salud. Ante estos hechos, el señor Torres Estela planteó que se vio imposibilitado de ejercer como médico en otras instituciones porque aparecía registrado en una institución en la cual ya no trabajaba. Estimó haber perdido una cantidad de $300,000.00 en oportunidades de empleo. Además, solicitó $250,000.00 por concepto de daños emocionales.

Luego de varios acontecimientos procesales, el 5 de septiembre de 2025, el señor Torres Estela, presentó *Moción Solicitando Permiso para Emendar la Demanda*.[2] Mediante esta, solicitó permiso al foro primario para enmendar la demanda de epígrafe a los efectos de incluir otras causas de acción tales como, injunction, sentencia declaratoria, violación al derecho de la intimidad, violación al derecho de imagen, incumplimiento de contrato, enriquecimiento injusto y daños y perjuicios.

En desacuerdo, el Centro de Salud presentó *Moción en Solicitud de Orden Para Expresarse en Cuanto a Moción Solicitando Permiso para Enmendar la Demanda*[3] y *Moción en Oposición a Solicitud de Enmienda a Demanda*.[4] En ambas mociones reiteró que la solicitud de la enmienda a la demanda fue presentada 270 días luego de la demanda original y que dicha enmienda alteraría por completo la teoría legal del presente caso, toda vez que la demanda presentada reclamaba meramente daños y perjuicios bajo el Código Civil, mientras que la demanda enmendada acumulaba múltiples causas de acción tales como: incumplimiento de contrato, sentencia

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, págs. 1-4.
[2] SUMAC-TPI, entrada núm. 26, págs. 1-2.
[3] SUMAC-TPI, entrada núm. 27, págs. 1-3.
[4] SUMAC-TPI, entrada núm. 31, págs. 1-9.

declaratoria, violación al derecho de la propia imagen, enriquecimiento injusto. Además, el Centro de Salud indicó que la demanda presentada consiste en 14 alegaciones, mientras que la demanda enmendada contiene 66 alegaciones. Alegó, que permitir dicha enmienda causaría que tuviera que rehacer y expandir el proceso de descubrimiento de prueba, modificar su estrategia de defensa y asumir gastos procesales adicionales. Por lo cual, solicitó al foro primario que denegara la demandada enmendada propuesta por el señor Torres Estela.

Evaluadas las posturas de las partes, el 10 de octubre de 2025, el foro primario emitió una *Orden* en la cual no autorizó la enmienda de la demanda presentada por el señor Torres Estela.

Insatisfecho y tras denegada una solicitud de reconsideración, el señor Torres Estela acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló el siguiente error:

> Erró el TPI al declarar sin lugar la primera moción solicitando enmienda a la demanda cuando el demandado no sufre perjuicio alguno.

Por su parte, el 11 de diciembre de 2025, el recurrido acudió ante nos y presentó *Oposición a Expedición de Recurso de Certiorari.* Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró,* 165

DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

*Id.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* a saber:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B.   Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B. Enmiendas a las alegaciones**

Por otro lado, la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, establece el trámite para enmendar las alegaciones. En específico, establece lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo.

En esencia, esta Regla dispone un criterio en cuanto a la concesión amplia de este remedio, señalando que corresponde autorizarlo "cuando la justicia así lo quería". *León Torres v. Rivera Lebrón* 204 DPR 20, 66 (2020). Además, al aplicar la regla antes descrita, "tribunales tendrían la facultad de ejercer su discreción y de auscultar las circunstancias particulares de cada caso para así determinar si se deben admitir las alegaciones presentadas". *Id.*, pág. 68.

Cónsono con lo anterior, para guiar a los tribunales en la evaluación de solicitudes para enmendar las alegaciones, nuestro más alto foro ha diseñado los siguientes criterios: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio indebido a la otra parte y (4) la procedencia de la enmienda solicitada. *Id.*, págs. 35-36. Sin embargo, nuestro más alto foro ha expresado que "el factor de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, pero ello no significa que los demás factores no deban ser

considerados." *Colón Rivera v. Wyeth Pharm.* 184 DPR 184, 204 (2012). Siendo así, el perjuicio indebido puede ocurrir cuando la enmienda: (1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba. *Id.*

-III-

En el presente caso, el peticionario sostiene que el foro primario incidió al no autorizar la enmienda a la demanda. Aduce que el recurrido no sufrirá perjuicio alguno pues, a su entender, las alegaciones de la demanda original son similares a las propuestas en la demanda enmendada. Sostiene que, aunque añade causas de acción y alegaciones, estas nacen del mismo núcleo de hechos de la reclamación original.

En cambio, el recurrido sostiene que el foro de instancia denegó correctamente la autorización de la enmienda a la demanda. A su entender, la autorización de la enmienda a la demanda le creará un perjuicio indebido y provocará dilaciones que pudieran afectar el litigio. Fundamenta su argumento en que, a su entender, la enmienda en cuestión es una sustancial que añade varias teorías legales y causas de acción que provocan que la causa de acción inicial sobre daños y perjuicios se convierta en una tangencial, y le obliga a cambiar su estrategia de litigio, así como a comenzar un nuevo descubrimiento de prueba.

Al evaluar el expediente que tenemos ante nuestra consideración notamos que, en efecto, la demanda original contiene 14 alegaciones y una causa de acción por daños y perjuicios. En contraste, la demanda enmendada contiene 66 alegaciones y varias causas de acción, a saber: injunction, sentencia declaratoria, derecho a intimidad, derecho a imagen, incumplimiento de contrato, daños y perjuicios, enriquecimiento injusto. Al hacer esta misma

evaluación, el foro primario utilizó su discreción y no autorizó la demanda enmendada.

Evaluados los planteamientos de ambas partes, así como el derecho aplicable, concluimos que no existe criterio jurídico que haga meritoria nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. No identificamos circunstancia alguna que nos lleve a concluir que el foro primario haya actuado de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error que justifique nuestra intervención para sustituir su criterio. Tampoco hallamos criterio alguno bajo la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* que nos mueva a variar o intervenir con la determinación del foro primario.

**-IV-**

Por los fundamentos previamente expuestos, **se deniega la expedición** del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones